UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

| | | |
|---|---|---|
| GLENN FORD, Petitioner, | ) | Civil Action No. 6: 06-10-DCR |
| V. | ) | |
| UNITED STATES PAROLE COMMISSION, Respondent. | ) | **MEMORANDUM OPINION AND ORDER** |

** ** ** ** **

Petitioner Glenn Ford ("Ford"), a prisoner incarcerated at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has filed this habeas corpus action pursuant to 28 U.S.C. §2241 challenging the revocation of his parole. In addition, he has paid the $5.00 filing fee. This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

Because this is a *pro se* petition, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is: (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## DISCUSSION

### 1. Exhaustion of Administrative Remedies.

Ford previously challenged his parole revocation in a prior proceeding before this Court. In his earlier case, Ford explained that after his release on parole, he was charged with assaulting a staff person with a gun at a community corrections center in Washington, D.C. However, the state authorities moved to dismiss the indictment on June 12, 2001, and that motion was granted. Nonetheless, the United States Parole Commission ("U.S.P.C.") held a revocation hearing based on the alleged misconduct and revoked his parole.

In his prior 2241 petition, Ford claimed that at the revocation hearing: (1) he was not represented by counsel; (2) the U.S.P.C. relied upon hearsay evidence; (3) the U.S.P.C.'s findings were based upon an unsigned final progress report; (4) no witness testified regarding the alleged misconduct; and (5) the police report regarding the misconduct was not entered into evidence. Ford asserted that these facts demonstrate that the U.S.P.C. abused its discretion and violated his rights under the Fifth and Sixth Amendments to the Constitution of the United States. *Ford v. Sammuels*, U.S.Dist. Ct., E.D. of Ky., No. 06: 05-604-KKC [Record No. 1 therein]. In his current amended petition, Ford also indicates that he was not provided written notice of the hearing. [Record No. 4 herein]

The Court did not reach the merits of Ford's original claims, instead holding that he had failed to demonstrate exhaustion of his administrative remedies as required by 28 C.F.R. §2.26. [Record No. 4 therein] In his present action (in which he asks the Court to "reinstate" his prior petition), Ford does not allege that he exhausted his administrative remedies. Instead, he asserts

that the National Appeals Board of the U.S.P.C. has determined that his case is one which is "Non-Appealable" under 28 C.F.R. 2.26-11. [Record No. 1]

Whether the right of appeal to the National Appeals Board provided by 28 C.F.R. §2.26 is available to D.C. Code violators like Ford is a question that has caused considerable confusion in the courts. A number of courts (including the Sixth Circuit) have apparently assumed that the right of appeal provided by 28 C.F.R. §2.26 is available to all prisoners in federal custody. They have done so notwithstanding the U.S.P.C.'s adherence to the position that no such right of appeal is available to D.C. Code violators in Bureau of Prisons ("BOP") custody.

Previously, this Court noted that 28 C.F.R. §2.26 is only one part of 28 C.F.R. Part 2. Part 2 contains subparts A through D. Subpart A relates to U.S. Code prisoners and parolees and expressly provides for an appeal of a parole decision to the National Appeals Board. 28 C.F.R. §2.26. It is this section that is cited in cases involving D.C. Code offenders. However, separate sections also relate to D.C. Code offenders: Subpart C applies to D.C. Code prisoners and parolees; and Subpart D applies to D.C. Code offenders on supervised release. While Subpart D provides D.C. Code offenders on supervised release with a right of appeal, 28 C.F.R. §2.220, Subpart C provides D.C. Code prisoners and parolees with no such express right of appeal to the National Appeals Board.

The existence of an express right of appeal in subparts A and D strongly indicates that the absence of an appeal right in subpart C is an intentional choice. Further, Subpart C includes 28 C.F.R. §2.89, which incorporates certain sections in Subpart A by reference to make them applicable to D.C. Code offenders under Subpart C. However, Section 2.26, which provides the

right to appeal to the National Appeals Board, is not one of the sections incorporated. Again, Section 2.89's failure to include Section 2.26 is an indication that the right of appeal in subpart A was intended to be unavailable for parole determinations made under subpart C.

Finally, the U.S.P.C.'s website, http://www.usdoj.gov/ uspc /questions.htm, states at page three that "Decisions made under the District of Columbia are not eligible for the administrative appeal process. These prisoners must appeal through D.C. Superior Court." While language included on an internet website does not constitute a formal interpretation by the U.S.P.C. of its own regulations, it is a further indication of how the agency views those regulations. Thus, it is entitled to some consideration at this stage of the proceedings. Based upon the foregoing, the Court concludes that U.S.P.C. has not provided D.C. prisoners like the Petitioner with an administrative remedy to exhaust.

Nonetheless, the Court cannot ignore the Sixth Circuit's recent decision in an appeal from this Court: *Washington v. Dove*, No. 05-5820 (6th Cir., April 25, 2006). In *Washington*, the Sixth Circuit noted that the petitioner, a D.C. Code offender, had received letters from the U.S.P.C. indicating that the denial of parole was not an appealable decision. The Sixth Circuit noted that a "federal prisoner" must invoke the right of appeal under 28 C.F.R. §2.26 before bringing a habeas action. While letters from the U.S.P.C. to the petitioner stated that there was no appeal from the denial of parole, the Sixth Circuit characterized that response as "clearly misleading as to the possibility of any appeal."

This opinion suggests that a D.C. Code violator must file an appeal under 28 C.F.R. §2.26. However, the court did not reach the question of whether a prisoner's non-compliance

with this requirement could be excused given the U.S.P.C.'s "misleading" letters as to the right of appeal, choosing instead to affirm the dismissal on the merits of the petition. Because the Sixth Circuit did not resolve the appeal in *Washington* due to his failure to state a claim for relief, the panel's discussion regarding the availability of administrative remedies through an appeal under 28 C.F.R. §2.26 is *dicta*.

As the Court has noted previously, because the right of appeal available to U.S. Code offenders under 28 C.F.R. §2.26 is not available to D.C. Code offenders, petitioners like Ford have no administrative remedy to exhaust. Therefore, there is no procedural impediment to the Court's consideration of the merits of Ford's habeas petition.

**2. The Merits of Ford's Petition.**

Ford challenges the decision of the U.S.P.C. to revoke his parole on several grounds. However, to the extent he asserts that the dismissal of the indictment against him in Washington, D.C. precludes the U.S.P.C. from using the facts alleged in the indictment as the factual predicate for revoking his parole, Ford is incorrect. *Mullen v. U.S. Parole Comm'n*, 756 F.2d 74 (8th Cir. 1985) ("the Parole Commission correctly held that its independent finding that Mullen violated the conditions of his parole by possessing a firearm is unaffected by the dismissal of the state charge arising out of the same conduct."); *Whitehead v. U.S. Parole Comm'n*, 755 F.2d 1536, 1537 (11th Cir. 1985) (U.S.P.C. need only find parole violation by preponderance of the evidence, not beyond a reasonable doubt).

Ford also challenges the sufficiency of the evidence used at the parole revocation hearing to determine that he had violated the terms of his parole. Ford objects to the U.S.P.C.'s use of

hearsay evidence and an unsigned final progress report, as well as the absence of live witnesses and the police report regarding the misconduct. With respect to this issue, the U.S.P.C.'s findings of fact and its credibility determinations are insulated from judicial review. *Farkas v. United States*, 744 F.2d 37, 38-9 (6th Cir. 1984). Nor does its reliance upon hearsay evidence necessarily violate the Petitioner's Due Process rights. *Taylor v. U.S. Parole Comm'n*, 734 F.2d 1152, 1155-56 (6th Cir. 1984) (U.S.P.C. may use reasonably reliable hearsay information to determine to revoke parole); *Kell v. U.S. Parole Comm'n*, 26 F.3d 1016, 1021 (10th Cir.1994) ("The Parole Commission may consider hearsay evidence.").

Of course, the quality of the evidence as a whole must sufficient to ensure that due process has been afforded. But the use of reports from probation officers is routinely accepted and provides no basis for objection. *Crawford v. Jackson*, 323 F.3d 123, 129 (D.C.Cir. 2003) (reliance on police investigative report at parole revocation does not violate due process). Further, even where the conduct of the parole revocation runs afoul of the protections described in *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Petitioner must both allege and demonstrate prejudice resulting therefrom. *Ash v. Reilly*, 431 F.3d 826, 830 (D.C. Cir. 2005). Ford has done neither here. As a result, his allegations regarding the quality of the evidence against him fails to state a claim and must be dismissed.

Ford has made two allegations that merit further development. First, Ford alleges that he was not represented by counsel at the hearing, although he does not allege that he requested an attorney and that his request was denied. With respect to this claim, the Court notes that a parolee is not entitled to be represented by counsel at revocation proceedings in all cases, but the

circumstances of each case must be assessed to determine whether due process requires that representation be afforded. *Gagnon v. Scarpelli*, 411 U.S. 778, 783-88 (1973). The Court is unable to conclusively make this determination on the present state of the record.

Finally, Ford alleges that he was not provided written notice of the grounds for revocation of his parole sufficiently in advance of the hearing to be able to adequately respond. The right to advance written notice of the claimed parole violations is one of the due process rights articulated in *Morrissey*, 408 U.S. at 489. Unfortunately, the present state of the record is insufficient to make a determination as to the viability of this claim. Based on the foregoing discussion and analysis, Ford's petition should be served upon the Defendant so that the record on the two above-identified matters may be developed and the issues decided.

In his first Section 2241 petition, Ford properly named the warden of the institution where he is confined as the Respondent. 28 U.S.C. §2242. Section 2243 expressly requires the writ or order to show cause to be directed "to the person having custody of the person detained." *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986). However, for reasons that are unclear, Ford has named the U.S.P.C. as the Respondent in the current action.

The U.S.P.C. is neither a necessary nor proper party to this action. *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the United States Parole Commission is the prisoner's 'custodian.'"). Therefore, the Court will direct that the Warden at FCI-Manchester, Jeff Grondolsky, be substituted as the nominal Defendant in this action, and further direct the Clerk of the Court to serve him with a copy of the petition and a summons.

Accordingly, it is hereby **ORDERED**:

(1) The Respondent in this action is Jeff Grondolsky, Warden at FCI-Manchester.

(2) The Clerk of the Court shall serve by certified mail a copy of the petition and this Order upon Respondent Warden Jeff Grondolsky, and upon the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(3) The Respondent shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(4) Upon entry of a response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(5) The Petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(6) For every further pleading or other document he wishes to submit for consideration by the Court, the Petitioner shall serve upon the Respondent, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each Respondent or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This 20th day of June, 2006.




**Signed By:**

***Danny C. Reeves*** DCR

**United States District Judge**